**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**JUSTIN C. NARD**                                                                           **PLAINTIFF**

**VS.**                      **CASE NO. 4:05-CV-00429 GTE**

**KIM COLCLOUGH**                                                        **DEFENDANT**

**ORDER GRANTING SUMMARY JUDGMENT**

Both parties have now responded to this Court's Order filed December 5, 2006, holding in abeyance the Partial Report and Recommendation prepared by Magistrate Jerry Cavaneau. For the reasons stated herein, the Court concludes that the Defendant Kim Colclough is entitled to judgment as a matter of law.

**FACTUAL BACKGROUND**

At issue in this case is whether a reasonable jury could return a verdict in Plaintiff's favor for his claim that the Defendant Kim Colclough, the sole remaining Defendant in this case, violated his constitutional rights by giving him the wrong medication on one occasion. It is undisputed that on April 6, 2003, the Plaintiff was given liquid thorazine instead of hydroxyzine, an allergy medication he took daily. As a result, Plaintiff suffered a seizure, required emergency medical attention, and was hospitalized for two days. At the time of this incident the Plaintiff was confined to the Cornell Alexander Youth Services, a juvenile detention center.

**DISCUSSION**

In its December 5th Order, this Court expressed concern over whether the Plaintiff's identification of a factual dispute regarding whether the Defendant Colclough, a licensed practical nurse, was the person who physically gave the medication to the Plaintiff was enough to

- 1 -

avoid judgment as a matter of law.  As the Court stated:

> Assuming that the Defendant, as Plaintiff contends, was the person who came to his room, gave him the wrong medication, and told him to take it even after the Plaintiff expressed his belief that it was the wrong medication, such conduct, without more, does not rise to the level of deliberate indifference to his serious medical needs.  Deliberate indifference does not exist where a prison or state official inadvertently or negligently fails to provide adequate medical care.  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  Additionally, the deliberate indifference standard has both an objective and a subjective component.  As the Supreme Court has explained, the subjective element requires that the official action with a "sufficiently culpable state of mind."  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  Moreover, negligence alone is not sufficient to support a § 1983 claim. *Ervin v. Busby*, 992 F.2d 147, 151 (8th Cir. 1993).

(Order, December 5, 2006, Docket No. 29, at p. 2).

The Court specifically found that in the absence of any additional evidence, the evidence presented by Plaintiff appeared insufficient to impose liability under a deliberate indifference theory.  Because the record was unclear, the Court directed the Defendant to clarify the record to show whether Defendant Colclough played any role in causing the wrong medication to be poured for the Plaintiff.  The Court also permitted the Plaintiff an additional opportunity to come forward with additional evidence in support of his claims.  Both parties have responded to the Court's prior Order.

On December 15, 2006, Defendant Colclough submitted the affidavit of Holly Clark, a licensed practical nurse.  Ms. Clark's Affidavit states that on the date in question, April 6, 2003, she and Karla Smith, a registered nurse, prepared the medications in the medication room, where all patient medications were stored.  Ms. Clark states that she and Ms. Smith were the only two persons who obtained any medications for any patients on that date.  Ms. Clark witnessed Ms. Smith preparing the medications intended for delivery to patients in Mr. Nard's dorm.  Finally, Ms. Clark testified that Ms. Smith confided to her later that evening that she poured and gave the

wrong medication to the Plaintiff.[1]  (Smith Affidavit, Docket entry # 30).

The Defendant has also submitted the Affidavit of Deborah Jones, the Assistant Director of Nursing Practice for the Arkansas State Board of Nursing.  Plaintiff has objected to Ms. Jones' affidavit, contending that the Defendant is tendering her as an untimely expert witness.  It is unnecessary to strike Ms. Jones' affidavit, as requested, because the Court is not relying on Ms. Jones' affidavit in concluding that the Plaintiff has failed to come forward with evidence sufficient to satisfy his burden of proof.

It appears that Ms. Jones' affidavit is offered solely to demonstrate that nurses are not permitted to "dispense" medication, and to verify that, according to the correct terminology in the medical field, nurses "administer" medication and licensed pharmacists "dispense medication." Ms. Jones' affidavit is obviously offered in response to the concern expressed by the Court in its December 5th Order about the lack of clarity in the record in this case to distinguish between "dispensing" and "administering" (or "delivering") prescription medication.  It appears that the Court's use of the term "dispensing" was technically incorrect.  In describing the point on which the record required clarification, perhaps it would been more accurate to have used the phrase "preparing the medication for patient consumption" rather than the phrase "dispensing medication."  Regardless of the terminology used in the Order, the point appears to have been clear to the parties, judging by their submissions in response thereto.  The supplemented record permits only one conclusion:  the Defendant Kim Colclough was not involved in any form or fashion in causing the wrong liquid medication to be poured for Plaintiff.

Plaintiff's Response to the Court's Order argues that even if Ms. Smith poured the Plaintiff's medications in the infirmary, the Defendant should have verified that she was

---

[1] Ms. Smith has never been named as a Defendant in this action.

administering the correct medication to Plaintiff.  Plaintiff has submitted deposition testimony from Ms. Colclough which indicates that Ms. Smith deviated from normal policy and procedure on the date in question by "pre-pouring" the Plaintiff's medication before it was taken to the dorm.  Normal procedure, according to Ms. Colclough, was for liquid medication to be taken from the infirmary to the appropriate dorm in a locked box, where it would then be given to the proper client in the prescribed quantity.  The correct medication could then be verified prior to giving the medication to the patient by referencing the medication administration record, which would have accompanied the medication to the dorm.  (Exh. A to Pl.'s Resp. at pp. 15-17).  The Defendant specifically recalled that on the date of this incident Ms. Smith had "pre-poured his [Plaintiff's] medication."  The Defendant questioned Ms. Smith about it.  In the Defendant's own words:

> So I questioned her about that [pre-pouring the medication] and she [Ms. Smith] said she knew what she was doing ah, and I said how are you not going to spill the medication, you know, in route to the dorm and she said she knew what she was doing and being that she's an RN and I'm an LPN I can't override what she's doing. Ah, so I know that she pre-poured the medication prior to going to the dorm.

(*Id.*, at p. 15).

Clearly, the Defendant's concern about Ms. Smith pouring the medication prior to its arrival at the Plaintiff's dorm was not that the wrong medication might be poured, but rather that some of it might be lost in the trip from the infirmary to the dorm. Ms. Colclough had no reason to believe that Ms. Smith had poured the wrong medication and she lacked the authority to alter the procedures chosen by Ms. Smith for administering medication to those patients in Plaintiff's dorm.

There is no dispute as to these material facts:  Karla Smith was the person who poured the wrong medication for the Plaintiff on April 6, 2003.  The Defendant Kim Colclough was not

- 4 -

responsible for and had no involvement in pouring the incorrect medication for the Plaintiff. There is no proof that the Defendant intended to cause Plaintiff harm or deliberately caused him to receive the wrong medication. Moreover, the Defendant could not have checked the medication to see whether it was the correct medication because Ms. Smith did not bring the original bottle of medication to the dorm. The Court rejects any suggestion that the Defendant, an L.P.N., was any duty to double-check medications prepared by Ms. Smith, an R.N. On these facts, the Defendant was entitled to assume that Ms. Smith had done her job correctly. In light of the undisputed facts, Plaintiff's argument that the Defendant should have verified that the Plaintiff was being given the correct medication fails as a matter of law.

At best, the proof in this case permits a finding that the Defendant was negligent in not listening to the Plaintiff when he said he was being given the wrong medication. "An accident, although it may produce added anguish, is not on that basis alone to be characterized as wanton infliction of unnecessary pain" necessary to prevail on an Eighth Amendment claim. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). No reasonable jury could conclude that the Defendant was deliberately indifferent to the Plaintiff's serious medical needs. The record evidence also will not permit a reasonable jury to find in Plaintiff's favor in connection with his claims that the Defendant Kim Colclough violated his procedural or substantive due process rights.

## CONCLUSION

The evidence presented by Plaintiff is insufficient to permit a finding in his favor on any of his claims pursuant to 42 U.S.C. § 1983. Accordingly, for the reasons stated herein, and in the Court's December 5th Order,

IT IS HEREBY ORDERED THAT the Partial Report and Recommendation (Docket No. 24) be, and it is hereby, DENIED.

IT IS FURTHER ORDERED THAT the Defendant's Motion for Summary Judgment (Docket No. 15) be, and it is hereby, GRANTED.

IT IS SO ORDERED this   3rd   day of January, 2007.

                                            /s/Garnett Thomas Eisele
                                            UNITED STATES DISTRICT JUDGE